**BIBIYAN LAW GROUP, P.C.**
Sarah H. Cohen (Cal. Bar No. 330700)
*sarah@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiffs, HANNAH SMITH, Calvin Lincoln, Ronnie Warren, and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HANNAH SMITH, an individual, CALVIN LINCOLN, an individual, RONNIE WARREN, an individual, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEHE DISTRIBUTORS, INC., a Washington corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:26−cv−01141−SSS−DTB<br><br>**<u>FIRST AMENDED CLASS ACTION COMPLAINT FOR:</u>**<br><br>1. FAILURE TO PAY MINIMUM WAGES;<br>2. FAILURE TO PAY OVERTIME WAGES;<br>3. FAILURE TO PROVIDE MEAL PERIODS;<br>4. FAILURE TO PROVIDE REST PERIODS;<br>5. WAITING TIME PENALTIES;<br>6. WAGE STATEMENT VIOLATIONS;<br>7. FAILURE TO TIMELY PAY WAGES;<br>8. FAILURE TO INDEMNIFY;<br>9. VIOLATION OF QUOTA LAWS; and<br>10. UNFAIR COMPETITION. |

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $35,000.00]

Plaintiffs HANNAH SMITH, CALVIN LINCOLN, RONNIE WARREN, on behalf of themselves, and all others similarly situated, allege as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, against KEHE DISTRIBUTORS, INC. , and any of its respective subsidiaries or affiliated companies within the State of California ("KEHE" collectively with DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiffs and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A. Plaintiffs

2. Plaintiff HANNAH SMITH is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee from August of 2025 through approximately October of 2025, with duties subject to production targets and quotas

that included, but were not limited to, collecting orders, driving assigned routes through warehouse aisles, and picking items according to given numbers and orders. Under Defendants' quotas, Plaintiff was assigned or required to perform at a specified productivity speed, perform a quantified number of tasks, and/or to handle or produce a quantified amount of material, within a defined time period, under which he suffered adverse employment actions if he failed to complete the performance standard for Defendants, and each of them.

3. Plaintiff CALVIN LINCOLN is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee from July of 2025 through approximately February 09, 2026, with duties subject to production targets and quotas that included, but were not limited to, using an electric pallet jack to navigate the warehouse and pull specific items for orders, wrapping pallets once they reach a certain height, placing labels on boxes, and maintaining cleanliness in the workspace by picking up trash. Under Defendants' quotas, Plaintiff was assigned or required to perform at a specified productivity speed, perform a quantified number of tasks, and/or to handle or produce a quantified amount of material, within a defined time period, under which he suffered adverse employment actions if he failed to complete the performance standard for Defendants, and each of them.

4. Plaintiff RONNIE WARREN is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee from approximately May 2025 through approximately May 14, 2026, with duties subject to production targets and quotas that included, but were not limited to, moving and organizing inventory, retrieving products from higher storage areas, transporting items across the warehouse, and placing merchandise in the appropriate locations to be prepared for distribution or stocking. Under Defendants' quotas, Plaintiff was assigned or required to perform at a specified productivity speed, perform a quantified number of tasks,

and/or to handle or produce a quantified amount of material, within a defined time period, under which he suffered adverse employment actions if he failed to complete the performance standard for Defendants, and each of them.

**B. <u>Defendants</u>**

5. Plaintiffs are informed and believe and based thereon allege that defendant KEHE is, and at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of Delaware and doing business in the County of San Bernardino. At all relevant times herein, KEHE employed Plaintiffs and similarly situated employees within the State of California

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to

7. Plaintiffs, who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believe and based thereon allege that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

8. Plaintiffs are informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to “Defendants,” it shall include KEHE and any of its parent, subsidiary, or affiliated companies within the State of California, and DOES 1 through 100 identified herein.

**<u>JOINT LIABILITY ALLEGATIONS</u>**

9. Plaintiffs are informed and believe and based thereon allege that all the times mentioned herein, each of the Defendants was the agent, principal, employee,

employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

10. All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

11. As a result of the aforementioned facts, Plaintiffs are informed and believe, and based thereon allege that Defendants, and each of them, are joint employers.

## JURISDICTION

12. This action was originally filed in the Superior Court of the State of California, County of San Bernardino. Defendants removed the action to this Court by filing a Notice of Removal on or about March 11, 2026.

13. Plaintiffs file this First Amended Class Action Complaint following removal and without conceding that removal was proper, that this Court has subject matter jurisdiction, or that Defendants have satisfied their burden to establish federal jurisdiction. Plaintiffs expressly reserve all rights to challenge removal, jurisdiction, and venue to the extent permitted by law.

14. Defendants' Notice of Removal asserts that this Court has jurisdiction under 28 U.S.C. section 1332 and/or the Class Action Fairness Act, 28 U.S.C. section 1332(d). Plaintiffs do not, by filing this First Amended Class Action Complaint, admit or concede the factual or legal sufficiency of Defendants' asserted jurisdictional basis.

15. Venue is presently before this Court as a result of Defendants' removal of this action. Plaintiffs do not waive, and expressly reserve, any arguments concerning the propriety of removal, jurisdiction, or venue.

## FACTUAL BACKGROUND

16. At all relevant times mentioned herein, Defendants employed Plaintiffs and other persons as non-exempt employees at numerous locations within California. Defendants employed Plaintiffs in a non-exempt position during Plaintiffs' employment and continues to employ non-exempt employees within California.

17. Plaintiffs are informed and believe, and based thereon allege, that all times mentioned herein, Defendants were advised by skill lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

18. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known they had a duty to compensate Plaintiffs and all others similarly situated, and Defendants had the financial ability to pay such compensation but willfully, knowingly, and intentionally failed to do so all in order to increase Defendants' profits.

19. Plaintiffs are informed and believe, and thereon allege, that at all times Defendants tracked each and every workday, pay period, shift, meal period, and rest period that was unlawful and in violation of California laws.

20. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that they imposed systematic quota and production demands on Plaintiffs and Class Members in violation of employees' rights pursuant to Labor Code sections 2100 *et. seq*. Defendants had a duty to ensure its production demands did not interfere with Plaintiffs' and Class Members' right to lawful meal periods, rest periods, bathroom breaks, and/or expose them to safety hazards. Defendants willfully, knowingly, and intentionally failed to establish legally compliant quotas, placing profits above concern for employee safety.

**Unpaid Wages**

21. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive at least minimum, regular, overtime, and double times wages and that they were not receiving minimum, regular, overtime, and double time wages for all work that was required to be performed. Furthermore, Defendants knew that on January 1, 2022, they must provide Plaintiffs and Class Members with a written description of Defendants' quota production demands and failed to do so.

22. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiffs and Class Members, or some of them, in violation of California state wage and hour laws.

23. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiffs and Class Members, in violation of California state wage and hour laws as a result of, without limitation, Plaintiffs and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week.

24. On information and belief, Defendants did not accurately or appropriately compensate Plaintiffs and Class Members for the hours worked by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiffs and Class Members to complete pre-shift tasks before clocking in, to the detriment of Plaintiffs and Class Members. For example, Plaintiffs and upon and information Class Members, had to arrive early to secure functioning machines that would allow them to perform their job

and required quota, before clocking in, as there were not enough functioning machines for the amount of employees working the same shift. Plaintiffs also had to wait in line before clocking in as there were many employees clocking in at the same time, and not enough time clocks available.

**Meal Period Violations**

25. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive a timely, off-duty, uninterrupted 30-minute meal period for every five hours of work, or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant meal period. Upon information and belief, Defendants enacted quotas that prevented Plaintiffs and Class Members from taking lawful meal periods.

26. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to provide Plaintiffs and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws.

**Rest Period Violations**

27. Defendants tracked and maintained a record of each and every rest period that violated California law including when Plaintiffs or Class Members worked up to 10 - 12 hours in a workday. Defendants' quota demands were unreasonable and pressured Plaintiffs and Class Members to work through rest periods.

28. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have failed to authorize and permit Plaintiffs and Class Members to take lawful rest periods. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest period for every four

(4) hours worked, or major fraction thereof, or payment of one (1) additional hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period.

29. During the Class Period, Plaintiffs and Class Members regularly worked in excess of four (4) hours or major fraction thereof. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members were not permitted to take compliant rest breaks, due to Defendants' unlawful policy and practice to favor production goals over employee rights. Consequently, Plaintiffs and Class Members were not authorized or permitted to take rest breaks, including first, second, and third rest breaks. Defendants failed to pay Plaintiffs and Class Members one additional hour of pay at their regular rate of pay when they did not receive a compliant rest break. On information and belief, Defendants also failed to provide recovery periods to Plaintiffs and Class Members. Defendants' quota requirements were unlawful and prevented employees from complying with California laws regarding recovery and rest periods.

30. Recovery Period Violations: Defendants failed to maintain a policy of providing recovery or permitted recovery periods and/or paying premium pay in lieu thereof. Quota and performance demands were unreasonable and pressured Plaintiffs and Class Members to work through breaks, including recovery periods. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive recovery periods for safety, including cooling-down, and heat prevention illness. Defendants, among other reasons, enacted quotas that prevented Plaintiffs and Class Members from taking recovery periods. Consequently, Plaintiffs and Class Members were not authorized or permitted to take recovery periods which permit employees of a minimum of five (5) minutes to "cool down." Defendants failed to pay Plaintiffs and Class Members one additional hour of pay at their regular rate of pay when they did not provide a recovery period. On information and belief, Defendants also failed to provide recovery periods to Class Members.

**Waiting Time Penalties**

31. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and Class Members the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, and premium wages.

**Wage Statement Violations**

32. Plaintiffs are informed and believe and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of Labor Code section 226 to pay and record each premium pay and meal and rest period violation which Defendants tracked and recorded. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to furnish Plaintiffs and Class Members with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

**Failure to Timely Pay Wages**

33. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive their wages in a timely fashion. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and

Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204.

**<u>Failure to Indemnify</u>**

34. Plaintiffs are informed and believe and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to be reimbursed for necessary expenses incurred in the discharge of their duties. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in using cellular phones for work-related purposes.

**<u>Quota Violations</u>**

35. Since January 1, 2022 and continuing to the present, Defendants have had a consistent policy of willfully and intentionally failing to comply with Labor Code sections 2100, 2101, 2102, 2103, 2104, 2105 and 2108 in connection with Plaintiffs and Class Members who, like Plaintiffs, were covered employees under Labor Code section 2100, within the State of California. Class Members, like Plaintiffs, had a sundry of warehouse duties subject to production targets and quotas. Under Defendants' quotas, Plaintiffs and Class Members are assigned and/or required to perform at a specified productivity speed, and/or perform a quantified number of tasks, and/or handle and/or produce a quantified amount of material, within a defined time period. Moreover, Plaintiffs and Class Members suffered adverse employment actions if they failed to complete the performance standard for Defendants, and each of them.

36. Plaintiffs, on Plaintiffs' own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 510, 512, 558.1, 1194, 1194.2, 1197, 2100, 2101, 2102, 2103, 2104, 2105, 2108, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, other such provisions

of California law, and reasonable attorneys' fees and costs.

37. Plaintiffs, on Plaintiffs' own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiffs and Class Members are entitled, as well as restitution of amounts owed.

## CLASS ACTION ALLEGATIONS

38. Plaintiffs bring this action on behalf of Plaintiffs and Class Members as a class action pursuant to Federal Rule of Civil Procedure 23. Plaintiffs seek to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiffs' complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

39. Plaintiffs reserve the right under Federal Rule of Civil Procedure 23(c)(4) and 23(c)(5) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

40. This action has been brought and may properly be maintained as a class action under the provisions of Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

41. The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiffs are informed and believe that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

42. Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B. <u>Commonality</u>**

43. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A. Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B. Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C. Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E. Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G. Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H. Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J. Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K. Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L. Did Defendants' practices and policies violate Labor Code sections 2100 through 2105 for requiring warehouse employees to meet excessive and unlawful quotas thereby preventing them from complying with rest, recovery and meal periods, their ability to use restroom facilities, travel to and from restroom facilities, an/or expose them to safety and Occupational Safety and Health Administration ("OSHA") violations?

M. Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

N. Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

O. Are Class Members entitled to costs and attorneys' fees?

P. Are Class Members entitled to interest?

**C. <u>Typicality</u>**

44. The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiffs and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

45. Plaintiffs will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiffs is competent and experienced in litigating wage and hour class actions.

**E. Superiority of Class Action**

46. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

47. Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**F. Public Policy Considerations**

48. Employees in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or means. Class actions provide class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while affording them privacy protections.

49. The quota laws clearly state that "… an employee cannot be required to meet a quota that prevents compliance with meal or rest breaks, use of bathroom facilities (including reasonable travel time to and from bathrooms), or compliance with occupational health and safety standards. A quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards is unlawful and may not be the basis for an adverse employment action. A quota may be illegal if it directly or indirectly precludes employees from exercising

these statutory rights. For example, a quota that requires that employees always be engaged in productive activity during work hours would be unlawful as it would directly prevent employees from taking meal and rest periods to prevent them from using bathroom facilities during work hours or exercising their rights regarding health and safety standards. Similarly, a quota may be so high that if an employee takes meals and rests, goes to the bathroom, or attempts to exercise their rights under occupational health and safety standards, they will fail to meet the quota. Such a quota indirectly precludes an employee from exercising these statutory rights and is also unlawful. An employer cannot take adverse employment action against an employee for failing to meet an unlawful quota or a quota that has not been disclosed to the employee. (*See* Lab. Code, § 2103; *see* DLSE FAQ summary and description of California's quota laws at https://www.dir.ca.gov/dlse/FAQ_warehousequotas.htm/.)

**FIRST CAUSE OF ACTION**

**(Failure to Pay Minimum Wages – Against All Defendants)**

50. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

51. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

52. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiffs and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

53. For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage to the detriment of Plaintiffs and Class Members.

54. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid

minimum wages for all hours worked or otherwise due.

Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit

## SECOND CAUSE OF ACTION

**(Failure to Pay Overtime Wages -Against All Defendants)**

55. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

56. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

57. At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

58. At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

59. Four (4) years prior to the filing of the Complaint in this action through the present, Plaintiffs and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, and Defendants failing to accurately track and/or pay for all hours actually worked at

the proper overtime rate of pay to the detriment of Plaintiffs and Class Members.

60. Accordingly, by requiring Plaintiffs and Class Members to, at times, work greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

61. As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

**<u>THIRD CAUSE OF ACTION</u>**

**(Failure to Provide Meal Periods – Against All Defendants)**

62. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

63. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

64. Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

65. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial

Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

66. For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiffs and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

67. By their failure to provide Plaintiffs and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

68. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

69. Plaintiffs and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FOURTH CAUSE OF ACTION

**(Failure to Provide Rest Periods – Against All Defendants)**

70. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

71. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

72. California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

73. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

74. For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiffs and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

75. By their failure, at times, to authorize and permit Plaintiffs and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

76. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members

have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

77. Plaintiffs and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

78. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

79. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

80. Pursuant to Labor Code sections 201 and 202, Plaintiffs and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

81. Plaintiffs are informed and believe, and based thereon allege, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiffs and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

82. Plaintiffs are informed and believe Defendants' failure, at times, to pay

Plaintiffs and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiffs and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

83. Pursuant to Labor Code section 203, Plaintiffs and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

84. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

85. Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## SIXTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

86. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

87. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

88. Pursuant to Labor Code section 226, subdivision (a), Plaintiffs and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each

hourly rate; and the name and address of the legal entity that is the employer, among other things.

89. Plaintiffs are informed and believe, and based thereon allege, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiffs and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things.

90. Defendants' failure to, at times, provide Plaintiffs and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiffs and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

91. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

92. Pursuant to Labor Code section 226, subdivision (e), Plaintiffs and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

93. Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

**SEVENTH CAUSE OF ACTION**

**(Failure to Timely Pay Wages During Employment – Against All Defendants)**

94. Plaintiffs reallege each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

95. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

96. Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

97. Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

98. Plaintiffs are informed and believe, and based thereon allege, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiffs and Class Members in accordance with Labor Code section 204.

99. Pursuant to Labor Code section 210, Plaintiffs and Class Members are entitled to recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each subsequent violation in connection with each payment that was made in violation of Labor Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

100. Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recovery of penalties, interest, and their costs of suit, as well.

**<u>EIGHTH CAUSE OF ACTION</u>**

**Violation of Labor Code § 2802 – Against All Defendants)**

101. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

102. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

103. Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

104. For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiffs and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: using cellular phones for work-related purposes.

105. During that time period, Plaintiffs are informed and believe, and based thereon allege that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiffs and Class Members for those losses and/or expenditures.

106. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members

have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

107. Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

**NINTH CAUSE OF ACTION**

**(Violation of California's Quota Law –Against All Defendants)**

108. Plaintiffs reallege each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

109. At all relevant times, Defendants had a duty to comply with Labor Code sections 2100 *et seq.*

Defendants Failed to Disclose Quotas & Enforces Undisclosed Quotas

110. Starting January 1, 2022, Defendants were required to provide each new hire a written description of each quota the Defendants required Plaintiffs and Class Members to work under. This includes the number of tasks to be performed or materials that must be produced or handled within a time period, and any potential adverse employment action that could result from failing to meet quotas as defined by Labor Code 2100 *et. seq.*

111. Plaintiffs and Class Members routinely worked more than twelve hours in Defendants' warehouses and logistics centers throughout California and strictly enforced its unlawful quotas. Defendants knew they had a duty to disclose written quotas in compliance with California's quota laws and failed to comply with its legal duty despite the advice of its legal counsel.

112. Defendants had and have the financial ability to comply with California's quota laws, but willfully, knowingly and intentionally refuse to comply despite its profit and financial strength. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees,

and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices, and the requirements of California law.

113. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known they imposed systematic quota and production demands on Plaintiffs and Class Members which violated the rights of employees pursuant to Labor Code sections 2100 *et. seq*. Defendants, and each of them, know and have known at all times herein referenced that it requires and required Plaintiffs and Class Members "…to meet a quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards" in violation of Labor Code section 2102.

Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates

114. On information and belief, hundreds of employees have suffered quota related injuries since January 1, 2022. On information and belief, Defendants, and each of them, have an unwritten policy which is implemented through supervisors and managers that eliminates injured employees. While Defendants, and each of them, sometimes offer light duty positions and tasks, the reality is injured employees were targeted for elimination for one well known reason: the perception and false belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured employees are categorized as unproductive employees and are terminated for "low performance."

115. Defendants, and each of them, willfully, knowingly and intentionally failed to establish quotas that did not harm Plaintiffs and Class Members in order to increase Defendants' profits without concern for employee safety. Defendants' quotas required Plaintiffs and Class Members, to meet quantified work and production targets and quotas relating to their warehouse duties.

Defendants' Warehouse Employees are Covered Employees

116. Defendants, and each of them, are covered employers and maintain,

implement, and enforces illegal quotas. Plaintiffs and Class Members are subject to quotas and are protected by Labor Code section 2100, subdivision (h), which states that a "quota" means a work standard under which an employee is assigned or required to perform at a specified productivity speed, or perform a quantified number of tasks, or to handle or produce a quantified amount of material, within a defined time period and under which the employee may suffer an adverse employment action if they fail to complete the performance standard.”

117. Defendants, and each of them, measure, analyze, store, evaluate and/or rate warehouse employees’ performance based on employee work speed data and subsequently takes adverse action against them for failing to meet undisclosed quotas. Labor Code section 2100 states at subdivision (e)(1) that “‘employee work speed data’ means information an employer collects, stores, analyzes, or interprets relating to an individual employee's performance of a quota, including, but not limited to, quantities of tasks performed, quantities of items or materials handled or produced, rates or speeds of tasks performed, measurements or metrics of employee performance in relation to a quota, and time categorized as performing tasks or not performing tasks.” Under section (e)(2), “‘employee work speed data’ does not include qualitative performance assessments, personnel records, or itemized wage statements pursuant to Section 226, except for any content of those records that includes employee work speed data as defined in this part.”

118. Defendants store, track, and analyze employees’ speed data to measure performance and takes adverse employment action against employees in violation of Labor Code section 2102, which states that “[a]n employee shall not be required to meet a quota that prevents compliance with meal or rest breaks, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards. An employer shall not take adverse employment action against an employee for failure to meet a quota that does not allow a worker to comply with meal and rest breaks, or occupational health and

safety laws in the Labor Code or division standards, or for failure to meet a quota that has not been disclosed to the employee pursuant to Section 2101."

119. Plaintiffs and Class Members, as alleged throughout this complaint, were required to meet excessive quotas. Defendants could comply with the law by complying with the law and refuse to do so. Defendants claim they do not have, maintain, implement, or require quotas of any of its warehouse employees.

<u>Defendants Changes Quotas Regularly and Fail to Disclose New Quotas</u>

120. Defendants failed to advise and/or disclose to new hires the written quota description as required by Labor Code section 2101. Moreover, Defendants, and each of them, change their quotas regularly and do not provide (a) written disclosure(s) to warehouse employees after each quota is updated or changed.

121. Defendants, and each of them, failed to disclose Plaintiffs' quota after Plaintiffs demanded Plaintiffs' written disclosures pursuant to Labor Code section 2104, which states at (a)(1) that "[i]f a current or former employee believes that meeting a quota caused a violation of their right to a meal or rest break or required them to violate any occupational health and safety laws in the Labor Code or division standards, they have the right to request, and the employer shall provide, a written description of each quota to which the employee is subject and a copy of the most recent 90 days of the employee's own personal work speed data." Subdivision (a)(2) states that "[i]f a former employee requests a written description of the quotas to which they were subject and a copy of their own personal work speed data pursuant to paragraph (1), the employer shall provide 90 days of the former employee's quotas and personal work speed data for the 90 days prior to the date of the employee's separation from the employer. Subdivision (a)(3) states that "[a] former employee is limited to one request pursuant to this subdivision." Subdivision (b) states that "[a]n employer that receives a written or oral request for information pursuant to subdivision (a) shall comply with the request as soon as practicable, but no later than 21calendar days from the date of the request. Plaintiffs, through their Counsel of record, served on Defendants a demand

for a written description of the quotas they were subject to. Defendants ignored their request. More than 21 days have passed since the request for a written description and Defendants refuses to comply with the law. As such, Plaintiffs are forced to both file a lawsuit and/or file for injunctive relief for Plaintiffs and on behalf of Class Members.

Quotas Interfered with Employees' Use of Bathroom Facilities

122. Plaintiffs and Class Members were restricted in their ability to use the bathroom facilities as a result of Defendants' (and each of their) unlawful quota requirements, as alleged herein and above. Employees were monitored by Defendants' leads and/or supervisors and were instructed to minimize the use of the bathroom facilities or were restricted to use bathroom facilities until the designated break time. As such, Defendants, and each of them, violated Labor Code sections 2100 *et. seq*.

///

Illegal Quotas Created Safety/OSHA Risks and/or Increased Injury Rates

123. On information and belief, hundreds of employees have suffered quota related injuries. On information and belief, Defendants' (and each of their) unwritten policies, which are implemented through supervisors and managers, is to eliminate injured employees. While Defendants, and each of them, sometimes offer light duty positions and tasks the reality is injured employees were targeted for elimination for one well known reason: the perception and false belief that injured employees could not meet Defendants' illegal quotas. Ultimately, injured employees are categorized as unproductive employees and are terminated for "low performance."

Quotas Adversely Impacted Meal & Rest Periods

124. Defendants knew that Plaintiffs, Class Members, and Class Members were entitled to receive legal meal periods. Defendants, and each of them, enacted quotas that prevented Plaintiffs and Class Members from complying with California's meal period laws. Plaintiffs and Class Members regularly worked in excess of five (5) and/or 10 hours per workday. In violation of the Labor Code and IWC Wage Orders, Plaintiffs and Class Members did not receive compliant lunches because of Defendants' unlawful

quotas.

125. Defendants, and each of them, maintained excessive quota demands which interfered with Plaintiffs and Class Members' ability to take legal meal periods and in fact it prevented them from complying with California law regarding lunches. For example, employees were monitored, reprimanded, and discouraged from taking meal periods. Employees were required under the penalty of reprimand or termination to clock in and out for meal periods. This ruse was implemented and required by Defendants for unlawful purposes. In reality, the unwritten meal period policy was to work through meal period or be punished. If Defendants can demonstrate employees clocked in and out for lunch, then it can falsely argue that they complied with California law in defending the many lawsuits accusing them of violating California break laws. The reality was, is, and will continue to be that Defendants' quotas are excessive and can only be met if Plaintiffs and Class Members work through meal periods or take shortened meal periods.

<u>On Duty/On Call Breaks</u>

126. Defendants also violated Labor Code section 2103 because it required and continues to require on duty or on call breaks and routinely interrupted breaks. Defendants, and each of them, know when warehouse employees are working through breaks to meet quotas in violation of Labor Code section 2103 which states, "(n)otwithstanding subdivision (a), consistent with existing law, meal and rest breaks are not considered productive time unless the employee is required to remain on call.

127. Plaintiffs and Class Members were regularly and routinely required to remain on call to meet quotas. Defendants required employees to regularly monitor quota statistics and receive and respond to messages when on breaks.

<u>Quotas Adversely Impacted Class Members Right to Take Legal Rest Breaks</u>

128. Defendants knew that Plaintiffs, and Class Members were entitled to legal rest breaks. Defendants enacted quotas that prevented Plaintiffs and Class Members from complying with California rest period laws.

129. On information and belief, Defendants, and each of them, take adverse employment action against employees who choose and/or insist on a legal rest break. Class Members were monitored, reprimanded, and discouraged from using bathroom facilities until their designated time for rest breaks. However, this policy and practice was implemented and encouraged by Defendants' (and each of their) supervisory and/or managerial personnel such that if Class Members worked through rest break or took shortened rest breaks, they could meet Defendants' (and each of their) quota requirements.

130. Defendants also implemented an illegal policy requiring Plaintiffs and Class Members to "waive" meal periods. Plaintiffs and Class Members were required to sign meal period waivers when in fact many employees did not want to sign waivers because they wanted a break. Plaintiffs and, on information and belief, Class Members also complained about Defendants' unlawful breaks policies, as evidenced by the dozens of lawsuits for breaks violations, and faced retaliation and termination in violation of Labor Code section 2105 which states that "[f]or purposes of this part, there shall be a rebuttable presumption of unlawful retaliation if an employer in any manner discriminates, retaliates, or takes any adverse action against any employee within 90 days of the employee doing either of the following: (a) Initiating the employee's first request in a calendar year for information about a quota or personal work speed data pursuant to subdivision (a) of Section 2104; (b) Making a complaint related to a quota alleging any violation of Sections 2101 to 2104, inclusive, to the commissioner, the division, other local or state governmental agency, or the employer.

<u>Injunctive Relief</u>

131. Plaintiffs and Class Members were and continue to labor under the constant threat of Defendants' adverse employment action in violation of Labor Code sections 2100 *et. seq*.

132. Defendants knew or should have known that its quotas were and continue to be illegal. Defendants new and know its quotas require Plaintiffs and Class Members

to expose themselves to OSHA hazards and other safety hazards. Defendants have been sued many times for violating California's wage and hour laws. Despite prior, current and future litigation, Defendants, and each of them, will continue to violate California's quota laws absent a jury award in Plaintiffs and Class Members' favor

133. Plaintiffs and Class Members are entitled to injunctive relief under California Labor Code section 2108, compelling Defendants to comply with California Labor Code sections 2100 *et. seq*., and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

**<u>TENTH CAUSE OF ACTION</u>**

**(Unfair Competition – Against All Defendants)**

134. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

135. Plaintiffs are informed and believe and based thereon allege that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200. Plaintiffs are further informed and believe and based thereon allege that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.* Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

136. As a result of Defendants' unfair competition as alleged herein, Plaintiffs and Class Members have suffered injury in fact and lost money or property.

137. Pursuant to Business and Professions Code section 17203, Plaintiffs and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves. Restitution of the money owed to Plaintiffs and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

138. Plaintiffs and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

## DEMAND FOR JURY TRIAL

139. Plaintiffs demand a trial by jury on all causes of action contained herein.

## PRAYER

WHEREFORE, on behalf of Plaintiffs and Class Members, Plaintiffs pray for judgment against Defendants as follows:

A. An order certifying this case as a Class Action;

B. An Order appointing Plaintiffs as Class representative and appointing Plaintiffs' counsel as class counsel;

C. Damages for all wages earned and owed, including minimum and overtime wages, under Labor Code sections 510, 558.1, 1194, 1197, 1199;

D. Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E. Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F. Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G. Waiting time penalties under Labor Code sections 203 and 558.1;

H. Penalties to timely pay wages under Labor Code section 210;

I. Damages under Labor Code sections 2802 and 558.1;

J. Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations, including, without limitation, under Labor Code sections 17200, *et seq*. and 2100, *et seq*.;

K. Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

L. Prejudgment and post-judgment interest at the maximum rate allowed by law;

M. For attorneys' fees in prosecuting this action;

N. For costs of suit incurred herein; and

O. For such other and further relief as the Court deems just and proper.

Dated: September 14, 2026 BIBIYAN LAW GROUP, P.C.

BY: */s/ Sarah H. Cohen*
Sarah H. Cohen

Attorneys for Plaintiffs HANNAH SMITH, CALVIN LINCOLN, RONNIE WARREN, and on behalf of all others similarly situated